```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```
_____
ELIAS Z. FINK,

                  Plaintiff,        06-CV-6617T

      v.                                  **DECISION**
                                                  **and ORDER**
JO ANNE B. BARNHART, Commissioner
of Social Security

                  Defendant.
_____

## INTRODUCTION

Plaintiff Elias Z. Fink ("Fink" or "plaintiff") brings this action pursuant to Titles II and XVI of the Social Security Act, § 201 et. seq. (codified at 42 U.S.C. § 401 et. seq. and 42 U.S.C. § 1381 et. seq.) claiming that the Commissioner of Social Security improperly denied his application for disability benefits.[1] Specifically, Fink alleges that the decision of an Administrative Law Judge ("ALJ") denying his application for benefits was erroneous because it was not supported by substantial evidence in the record.

The Commissioner moves for judgment on the pleadings on grounds that the ALJ's decision was correct, was supported by substantial evidence, and was made in accordance with applicable law. Fink opposes the defendant's motion, and cross-moves for judgment on the pleadings. Because the Court determines that the findings of the Commissioner are supported by substantial evidence,

---

[1] This case (formerly civil case 03-CV-0468E) was transferred to the undersigned by the Honorable Richard J. Arcara, Chief Judge, United States District Court for the Western District of New York by Order dated December 4, 2006.

judgment on the pleadings is hereby granted in favor of the defendant.

## BACKGROUND

On March 13, 2000, plaintiff Elias Z. Fink, at the time a 36 year old former construction worker, applied for Social Security disability benefits and Supplemental Security Income payments, claiming that he had become unable to work as of January 16, 1999 because of back pain with radicular symptoms into the lower extremities. Fink's application was initially denied. Thereafter, Fink requested an administrative hearing before an Administrative Law Judge which took place on April 16, 2002. Plaintiff was represented by an attorney at the hearing.

In a decision dated May 28, 2002, the ALJ found that although Fink's back pain, adjustment disorder and headaches were severe, Fink was not disabled within the meaning of the Act and thus not entitled to receive Social Security benefits. Fink's appeal of the ALJ's decision to the Social Security Appeals Council was denied on April 25, 2003, and on June 19, 2003 plaintiff filed this action.

## DISCUSSION

I.   Jurisdiction and Scope of Review

42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. Additionally, the section directs that when considering such a claim, the Court must accept the findings of fact made by the Commissioner, provided that such findings are supported by

substantial evidence in the record. Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Section 405(g) this limits the Court's scope of review to determining whether or not the Commissioner's findings were supported by substantial evidence. See, Monqeur v. Heckler, 722 F.2d 1033, 1038 (2d Cir. 1983) (finding a reviewing Court does not try a benefits case de novo). The Court is also authorized to review the legal standards employed by the Commissioner in evaluating the plaintiff's claim.

The Court must "scrutinize the record in its entirety to determine the reasonableness of the decision reached." Lynn v. Schweiker, 565 F.Supp. 265, 267 (S.D. Tex. 1983) (citation omitted). Defendant asserts that her decision was reasonable and is supported by the evidence in the record, and moves for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Judgment on the pleadings may be granted under Rule 12(c) where the material facts are undisputed and where judgment on the merits is possible merely by considering the contents of the pleadings. Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639 (2d Cir. 1988). If, after a review of the pleadings, the Court is convinced that "the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," judgment on the pleadings may be appropriate. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Because the Court determined that the

findings of the Commissioner are supported by substantial evidence, judgment on the pleadings is hereby granted for the defendant.

> II. <u>The Commissioner's decision to deny Plaintiff benefits was supported by substantial evidence in the record.</u>

The ALJ made the determination based on the evidence before him that plaintiff did not suffer from a disability under the Social Security Act. A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months ...." 42 U.S.C. § 423(d) (1991). Specifically, the ALJ found that while plaintiff suffered from a discogenic lumbar spine, an adjustment disorder and headaches, this condition did not constitute an impairment under 20 C.F.R. 404.1501 et. seq. (Transcript of Administrative Proceedings at page 26) (hereinafter "T.").

A. <u>Statutory Standard for Entitlement to Disability Benefits</u>

The ALJ properly performed the five-step sequential evaluation of plaintiff's condition to determine that plaintiff was not disabled. The ALJ properly determined that the plaintiff was not engaged in substantial gainful employment; that plaintiff's conditions – either individually or in combination – were severe conditions; that plaintiff's ulnar neuropathy and panic disorder – either alone or in combination with his other impairments – did not meet or medically equal one of the listed impairments in Appendix

1, Subpart P, Regulation No. 4; that plaintiff could no longer perform the functions of his previous employment; and that plaintiff retained the residual functional capacity ("RFC") to perform jobs that exist in significant numbers in the national economy.  In doing so, the ALJ properly evaluated the medical record, and gave appropriate weight to the opinions of plaintiff's treating physicians and examining physicians.

The assessment of a treating physician is given controlling weight if is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and [it] is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(d)(2); see Green-Younger v. Barnhart, 335 F.3d 99, 106 (2d Cir. 2003); Clark v. Comm'r of Soc. Sec., 143 F.3d 115, 188 (2d Cir. 1998). The ALJ may not arbitrarily substitute [his] own judgment for the treating physician's competent medical opinion. See Rosa v. Callahan, 168 F.3d 72, 79 (2d Cir. 1999).  The "treating physician rule" does not apply, however, when the treating physician's opinion is inconsistent with the other substantial evidence in the record, such as the opinions of other medical experts.  Halloran v. Barnhart, 362 F.3d 28, 32 (2d Cir. 2004); see also Veino v. Barnhart, 312 F.3d 578, 588 (2d Cir. 2002).

When the treating physician's opinion is not given controlling weight, the ALJ must consider various "factors" to determine how much weight to give to the opinion. 20 C.F.R. § 404.1527(d)(2).

These factors include: (I) the frequency of examination and the length, nature, and extent of the treatment relationship; (ii) the evidence in support of the treating physician's opinion; (iii) the consistency of the opinion with the record as a whole; (iv) whether the opinion is from a specialist; and (v) other factors brought to the SSA's attention that tend to support or contradict the opinion. *Id.* The ALJ must also set forth his reasons for the weight assigned to the treating physician's opinion. *Id.*

The ALJ also must consider claimant's subjective complaints of pain and limitations in making a determination of his RFC. 20 C.F.R. § 404.1529 and SSR 96-7p. The ALJ is not permitted to find a claimant not credible solely because the severity of his subjective complaints of limitations is not supported by objective medical evidence. *Id.* The ALJ may evaluate the credibility of a claimant together with the medical findings and other evidence in determining the true extent of the disability alleged by the claimant. Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979).

At the last step of the sequential evaluation, the burden of proof shifts to the Commissioner to show there is other gainful employment in the national economy the claimant could perform considering the claimant's RFC, age, and past work experience. 20 C.F.R. § 404.1520(f); see Carroll v. Secretary of H.H.S., 705 F.2d 638, 642 (2d Cir. 1983). Where there exists a combination of exertional and nonexertional limitations, an ALJ must evaluate whether the occupational base for exertional work is eroded by the

nonexertional limitations. SSR 83-14; see Bapp v. Bowen, 802 F.2d 601 (2d Cir. 1986). Pursuant to the regulations, the Commissioner is ultimately responsible for determining whether an individual meets the statutory definition of disability. 20 C.F.R. §404.1527(e)(1).

Plaintiff contends that the ALJ erred in finding that plaintiff retained the ability to perform sedentary work and that the ALJ failed to consider the effects of plaintiff's nonexertional impairments on his ability to perform sedentary work. Specifically, plaintiff argues that he is unable to sit for prolonged periods due to pain and claims that his physicians support that claim.

Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met. 20 C.F.R. § 404.1567(a). SSR 96-9p provides "[i]n order to perform a full range of sedentary work, an individual must be able to remain in a seated position for approximately 6 hours of an 8-hour workday, with a morning break, a lunch period, and an afternoon break at approximately 2-hour intervals. If an individual is unable to sit for a total of 6 hours in an 8-hour work day, the unskilled sedentary occupational base will be eroded."

Substantial evidence exists in the record which supports the ALJ's conclusion that plaintiff was not disabled during the relevant period, and therefore, the Commissioner's decision is affirmed.

B.   <u>Discussion of the Evidence</u>

Plaintiff suffered from back pain due to minimally bulging discs from L3 to S1, and mild disc protrusion at T11. (T. 23, 131, 175). Dr. Gibbons of the University at Buffalo neurosurgery clinic examined and treated plaintiff in 1999 for his back pain and discussed surgical intervention but plaintiff refused that course of treatment and opted instead for a conservative course of treatment including prescription medicines and back supports. (T. 23, 131-32).

The ALJ properly found based on substantial evidence in the record that the plaintiff's allegations of pain and functional limitations were neither consistent with the medical evidence nor with the opinions of treating, examining and review medical sources. There was no objective clinical evidence revealing any significant nerve root compression of the plaintiff's vertebrae to support his testimony of constant low back pain and left lower extremity pain.

The medical records from the University at Buffalo neurosurgery clinic and St. Vincent's Health Center cited by plaintiff indicate that plaintiff's back pain was successfully managed by a variety of narcotics and analgesics (T. 129-42, 187-211, 334-61). Plaintiff reported to Dr. Gibbons' April and May 1999 that wearing a lumbar brace and lumbosacral corset greatly reduced his pain and allowed

him to ambulate and participate in family activities. (T. 133-35). Dr. Gibbons also noted that plaintiff's gait was steady and he could walk heel to toes and scheduled plaintiff for job training. (T. 133). Treatment reports from St. Vincent indicate that plaintiff's back pain improved significantly from December 2000 to October 2001 while being treated with Oxycontin, prednisone and a fentinol patch. (T. 334-61).

Dr. Gibbons reported in April 1999 that plaintiff's leg pain was nearly completely resolved. (T. 135). In May 1999, plaintiff demonstrated full strength in his lower extremities and was able to ambulate without pain and participate in family activities. (T. 133).

Additionally, Dr. Dale, the State agency physician, reported in June 2000 that plaintiff had the residual functional capacity ("RFC") to perform light work. (T. 319). Dr. Dale also noted that plaintiff had a disc protrusion, wide-based gait and full strength in his upper and lower extremities and that he should avoid frequent stooping. (T. 319-20). In September 2000, plaintiff was consultatively examined by orthopedist Dr. Akman who opined that plaintiff had a mild to moderate restriction in lifting, pulling, pushing, and tugging. (T. 294). Dr. Akman reported that plaintiff walked with a slight limp favoring the left and that lumbar lordosis was present in the lower back and plaintiff could only bend forward thirty degrees. (*Id.*)

Dr. Updike submitted a medical report in July 2003, after the Commissioner denied review of the ALJ's decision. Dr. Updik opined that plaintiff was disabled from work but that disability does not apply to the time period in question.

The ALJ also found that plaintiff's drug-seeking behavior undermined the credibility of his complaints. (T. 24). Several physicians noted plaintiff's addiction to prescribed drugs and drugs bought on the street. (T. 195, 197, 199, 203, 204, 205, 258, 347).

Based on the substantial medical evidence on the record, the ALJ properly found that plaintiff claims of nonexertional limitations were not fully credible and that plaintiff retained the ability to perform sedentary work.

## CONCLUSION

For the reasons set forth above, I grant defendant's motion for judgment on the pleadings. Plaintiff's motion for judgment on the pleadings is denied, and plaintiff's complaint is dismissed with prejudice.

ALL OF THE ABOVE IS SO ORDERED.

                              s/Michael A. Telesca
                              MICHAEL A. TELESCA
                           United States District Judge

Dated:    Rochester, New York
          February 13, 2007